UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TRINITY L. THOMPSON, | * | CIV 10-1017 |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | DENYING PETITION |
| | * | FOR A WRIT OF HABEAS CORPUS |
| DOUGLAS WEBER, Warden, | * | AND ORDER DENYING |
| South Dakota State Penitentiary, | * | CERTIFICATE OF APPEALABILITY |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Petitioner, a prisoner at the South Dakota State Penitentiary, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. I ordered petitioner to set forth cause, if any, why the petition should not be dismissed for failure to file prior to the expiration of the period of limitations set forth in the Antiterrorism and Effective Death Peanalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Petitioner filed a response contending that he did not have access to a law library and the Penitentiary's paralegal gave him incorrect information as to the time period within which his federal petition for a writ of habeas corpus must be filed. I thereafter directed the respondent to serve and file an affidavit certifying what legal resources were available to petitioner during the time that he has been incarcerated. In response, respondent filed an affidavit along with a copy of documents submitted in Gerald Miller v. Weber, CIV 06-4083, in response to a similar order by Judge Piersol.

The record shows that petitioner was incarcerated at the South Dakota State Penitentiary or the Jameson Prison Annex beginning in December, 2003. The South Dakota Department of Corrections ("DOC") closed the law libraries at the Penitentiary and Jameson in 1997. As part of a settlement agreement in cases challenging the closing of prison law libraries, the DOC reopened and restored prison law libraries in South Dakota in 1999. At all times during petitioner's current imprisonment, he has been housed in a facility with an on-site law library

consisting of, at a minimum, Title 28 of the United States Code Annotated and a treatise on federal habeas corpus procedure. In addition, the DOC has provided an inmate legal assistance attorney or paralegal for the purpose of assistance in the preparation of § 1983 prisoner condition of confinement claims and habeas corpus claims.

## DECISION

In a proper case, a petitioner is entitled to equitable tolling of the one year period of limitations set forth in 28 U.S.C. § 2244(d) if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Nelson v. Norris, ___ F.3d ___, 2010 WL 3341230 (8th Cir. August 26, 2010). Petitioner suggests that he was unable to timely file his federal habeas petition because he did not have access to a law library and he was given incorrect legal advice by the DOC's contract attorney. It is well-settled that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). It is apparent from the record that the South Dakota DOC provided both an adequate law library and assistance from a person trained in the law. At all times during petitioner's incarceration, he had available legal materials which described the applicable statute of limitations and he "thus has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007).

Petitioner contends that he received incorrect legal advice from the DOC's contract attorney. Petitioner had no Sixth Amendment right to the effective assistance of post-conviction counsel. Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). Therefore, "ineffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002). Even counsel's failure to recognize the importance of the one-year statue of limitations or confusion about the applicable statute of limitations does not warrant equitable tolling. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

2

# ORDER

Based upon the foregoing,

**IT IS ORDERED** that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied as untimely.

**TO THE EIGHTH CIRCUIT COURT OF APPEALS:**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases In the United States District Courts and 28 U.S.C. § 2253,

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2254 petition. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Rule 11(b) and Fed. R. App. P. 22.

Dated this 27th day of September, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

BY: _____
DEPUTY
(SEAL)